IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRAIG L. B.,[1]

    Plaintiff,

v.                                                                           Case No. 1:24-cv-00726-DHU-LF

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on plaintiff Craig B.'s Motion for Reversal and Remand for Further Proceedings (Doc. 11) with supporting memorandum (Doc. 12), which was fully briefed on November 12, 2024. *See* Docs. 17, 19. United States District Judge David H. Urias referred this case to me "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 21. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the ALJ's decision was supported by substantial evidence and that Plaintiff's arguments to the contrary are unavailing. I therefore recommend that the Court DENY Plaintiff's motion.

**I.   Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III.   Background and Procedural History

Plaintiff was born in 1975 and lives in a camping trailer on his mother's property in Farmington, New Mexico. AR 79, 83.[4] He has a tenth-grade education and work experience as a truck driver. AR 48, 51. Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 9, 2022, alleging disability since March 1, 2020, due to trauma- and

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] The exhibits to Document 10 constitute the sealed Administrative Record ("AR"). When citing to the record, I cite to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

stressor-related disorders as well as substance addiction disorders. AR 77. He filed an application for Supplemental Security Income ("SSI") benefits on December 29, 2021, alleging the same onset date and the same impairments. AR 78. The Social Security Administration ("SSA") denied his claims initially and on reconsideration. AR 90, 102, 120, 136. Plaintiff requested a hearing before an ALJ. AR 164. On February 15, 2024, ALJ Melinda Kirkpatrick held a hearing. AR 41. ALJ Kirkpatrick issued her unfavorable decision on March 28, 2024. AR 32.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. AR 16. At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since March 1, 2020, his alleged onset date. *Id*. At step two, the ALJ found that Plaintiff's multilevel degenerative disc disease of lumbar spine with spondylosis, mild scoliosis of the thoracic spine, rheumatoid arthritis, hypertension, anxiety, post-traumatic stress disorder ("PTSD"), depression, and morbid obesity were severe impairments. *Id*. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 19. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 22. The ALJ found that Plaintiff had the RFC to

> lift/carry 20 pounds occasionally and 10 pounds frequently; stand and walk in combination for 4 hours out of an 8 hour work day; and sit for a total of 6 hours out of an 8 hour work day. He can never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, and crawl; with no exposure to unprotected heights and no exposure to hazardous, moving machinery. Overhead reaching/lifting is reduced to frequent. Bilateral handling and fingering are reduced frequent [sic]. Foot control operation is frequent. The claimant should avoid concentrated exposure to extreme heat, cold, noise, and vibration. The claimant can understand, remember, and carry out simple, routine, and repetitive instructions; make simple work-related decisions; attend and concentrate for extended periods of up to two-hour intervals; interact occasionally with the public, coworkers, and supervisors, with the interaction being incidental

to the job duties; and respond appropriately to occasional changes in a routine work setting.

*Id*.

At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work as a truck driver. AR 30. At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including as a photocopy machine operator, bench assembler, and mail clerk. AR 31–32. The ALJ thus found Plaintiff not disabled at step five. AR 32.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. AR 1. On May 20, 2024, the Appeals Council denied the request for review. *Id*. Plaintiff timely filed his appeal to this Court on July 16, 2024. Doc. 1.[5]

## IV. Plaintiff's Claims

Plaintiff argues that the "ALJ failed to account for the 'total limiting effects' of Plaintiff's impairments pursuant to 20 C.F.R. §§ 404.1520c, 404.1529, and 404.1545(e), resulting in a decision that is not supported by substantial evidence." Doc. 12 at 4. He does not appeal the ALJ's determination of the physical RFC. *Id.* at 2 n.4. Rather, he argues that medical opinions from Dr. Paula Hughson and Nurse Practitioner Shawna Frost ("NP Frost") in addition to Plaintiff's own statements establish "greater limitations" than those found in the RFC. *Id.* at 9. The Commissioner responds that the ALJ's RFC had substantial evidentiary support from various other portions of the record, and that the ALJ properly found the opinions from Dr. Hughson and NP Frost and the subjective allegations of symptoms from Plaintiff to be

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 2.

5

inconsistent with the rest of the evidence. For the reasons explained below, Plaintiff's claims are without merit.

**V.      Analysis**

Dr. Hughson's Opinion

Plaintiff argues that Dr. Hughson's psychiatric consultative examination indicated serious mental limitations. Doc. 12 at 6–8. He claims that the ALJ's RFC fails to account for the limitations Dr. Hughson identified, including "marked limitations in [Plaintiff's] abilities to attend and concentrate; adapt to changes in the workplace; and interact with the public, coworkers, and supervisors." *Id.* at 10. The ALJ found that Dr. Hughson's opinion, while "supported by the claimant's presentation on the day of the one-time evaluation [on September 12, 2022]," was nonetheless "inconsistent with the overall evidence and longitudinal treatment history." AR 30.

The ALJ supported her decision with citations to a September 9, 2021, examination by Dr. Thaddeus Ray, in which Plaintiff's "judgement and insight" were "intact," his mood was normal, and his affect was appropriate. AR 421. (At the same visit, Plaintiff admitted to depression but denied sleep disturbances. AR 420.) The ALJ also cited to an emergency room visit for abdominal and lower back pain at the San Juan Regional Medical Center on August 1, 2021, in which Plaintiff was alert and oriented, and his mental status was appropriate. AR 499. She cited to a March 15, 2022, psychological evaluation by Michael Castenell, DSW, based on an assessment conducted on January 24, 2022, in which Plaintiff was "oriented to person, place, time, and situation" and had a "logical and coherent" thought process and an "intact" memory for recent and remote events. AR 615. (DSW Castenell also noted that Plaintiff's "affective presentation was labile and his mood was dysphoric," and that "[h]is thought content was

6

characterized by recurrent, intrusive thoughts." *Id.*)  The ALJ identified normal results from a psychosocial assessment on June 25, 2021, by Cottonwood Clinical Services, *see* AR 643, and an appropriate mood and affect during two emergency room visits: one on January 17, 2022, and another on February 25, 2023, *see* AR 669, 700.  She pointed to several visits to NP Frost in which Plaintiff was alert and oriented or otherwise unremarkable in terms of his mental health presentation between February 17, 2022, and May 27, 2022.  AR 789, 793, 797; *but see* AR 795 (April 27, 2022, visit indicating risk of depression); AR 800 (June 27, 2022, visit indicating risk of depression).  The ALJ also cited to visits from July 19, 2022, through November 3, 2022, which indicated that Plaintiff "responded well to therapy."  AR 858.  Although Plaintiff was using methamphetamine as of July 19, 2022, "to assist in controlling his associated symptoms such as night terrors, panic disorder, and auditory hallucinations," AR 858, by August 22, 2022, after taking olanzapine, he had "no reported night terrors and he is sleeping through the night" with only mild depression during the day, AR 864.  *See also* AR 872 (on October 3, 2022, Plaintiff's nutrition was stable, his sleep had improved, but he still had a risk of depression); AR 878 (on November 3, 2022, same).  Finally, the ALJ cited to Plaintiff's own report that as of March 27, 2023, after completing an in-patient substance abuse treatment program, he had "no symptoms of anxiety," his depression symptoms had decreased, and that he did "not feel angry anymore."  AR 1159.

      This series of citations—the "longitudinal treatment history"—indicates a months-long period in which Plaintiff appears to have reasonably well-controlled mental health symptoms.  Additionally, it gives context to the months surrounding Plaintiff's September 12, 2022, appointment with Dr. Hughson.  The ALJ noted that Dr. Hughson's opinion, while accurately representing the plaintiff on the day of the examination, was inconsistent with the rest of the

7

medical records in the months before and after that examination. Thus, substantial evidence supports the ALJ's finding that Dr. Hughson's opinion was not persuasive; the ALJ based her finding on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Staheli v. Commissioner, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

Plaintiff's argument that the ALJ failed to "account for Dr. Hughson's marked limitations in his abilities to attend and concentrate; adapt to changes in the workplace; and interact with the public, coworkers, and supervisors," Doc. 12 at 10, is unavailing. The ALJ found Dr. Hughson's opinion unpersuasive—a finding supported by substantial evidence—and therefore the ALJ did not *need* to account for the limitations Dr. Hughson identified. To say that the ALJ should have discounted the contextual evidence and found Dr. Hughson's opinion more persuasive would require the Court to reweigh the evidence, which is not permissible. *See Flaherty*, 515 F.3d at 1070.

NP Frost's Opinion

Plaintiff also argues that the ALJ improperly failed to account in the RFC for NP Frost's opinion that Plaintiff would be off task ten percent of the day and would be absent approximately one day per month. Doc. 12 at 10. But again, the ALJ did not ignore NP Frost's opinion; she considered it and found it unpersuasive. AR 30. Thus, the Court's inquiry on appeal is whether the ALJ's decision was supported by substantial evidence.

The ALJ discounted NP Frost's opinion for two reasons. First, she found that NP Frost's opinion was "not supported by any objective evidence from this provider." *Id.* This is incorrect: NP Frost stated that she based her opinion regarding Plaintiff's physical limitations on x-rays,

8

labs, and ultrasound information, AR 1389,[6] and she based her opinion regarding his mental limitations on "extensive pmx [past medical history] of mental health disorders" and noted "currently following with cottonwood counseling," AR 1391.  Second, the ALJ found that NP Frost's opinion was inconsistent with the overall record, "which generally indicates the claimant is alert, oriented, and in no acute distress."  AR 30.  The ALJ cited to many of the same portions of the record as in her analysis of the context around Dr. Hudson's assessment as well as a visit on July 8, 2023, in which Plaintiff was in no acute distress, AR 1177, and an August 8, 2023, visit in which Plaintiff was alert and oriented, AR 1553.  AR 30.  Certainly, an argument exists based on this record that Plaintiff could struggle to carry out instructions, remain on task, and attend work consistently (*see* AR 795, 800, 858, 864, 872, 878, all indicating risk of depression or presence of mental health symptoms).  But evidence also exists that Plaintiff was, as the ALJ argues, "alert, oriented, and in no acute distress."  AR 30.  Substantial evidence is not irrefutable evidence; it is evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Staheli*, 84 F.4th at 905.  By this standard, the ALJ has pointed to substantial evidence in favor of her conclusion that NP Frost's opinion was inconsistent with the overall record.

       Plaintiff argues that NP Frost's opinion about Plaintiff's limitations was largely informed by his physical limitations, and that the ALJ failed to consider how chronic pain and mental health issues may affect and exacerbate each other.  Doc. 12 at 14–15.  But NP Frost's opinion itself did not discuss a connection between Plaintiff's chronic pain and mental health issues—in fact, she discussed Plaintiff's physical and mental limitations separately.  *See* AR 1389–90

---

[6] To the extent the ALJ's concern was that this objective evidence did not come "from this provider"—i.e., that NP Frost did not conduct the x-rays and labs herself—it is unclear why that distinction would be relevant, and the ALJ does not elaborate.

9

(estimating that Plaintiff would be "off task" for ten percent of a typical workday and absent from work about once a month because of his physical symptoms); AR 1391–92 (making no findings as to whether Plaintiff would be "off task" based on his mental health symptoms and estimating that he would experience "severe flare-up[s]" less that one day per month). The ALJ is not required to draw a connection between a claimant's physical health and his mental abilities when the medical provider's opinion itself does not do so.

For these reasons, I find that the ALJ's decision not to incorporate the limitations NP Frost identified in her opinion into the RFC is supported by substantial evidence.

<u>Plaintiff's Self-Described Limitations</u>

Plaintiff argues that his self-described limitations are consistent with the limitations outlined by Dr. Hughson and NP Frost. Doc. 12 at 15. But, critically, the ALJ found the opinions of Dr. Hughson and NP Frost unpersuasive. Essentially, there appears to be one roughly consistent body of evidence supporting the notion that Plaintiff is disabled and cannot work—including, as relevant here, Dr. Hughson's opinion, NP Frost's opinion, and Plaintiff's self-described limitations—and another roughly consistent body of evidence saying that Plaintiff's limitations do not preclude him from performing certain work—including, as the ALJ cites, two emergency room visits, records of visits to NP Frost throughout 2022, and Plaintiff's self-report that he no longer experienced anxiety or anger symptoms and that his depression symptoms had decreased, *see* AR 29. In cases with mixed evidence, the ALJ has the authority to resolve conflicts. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016). Plaintiff argues that the ALJ "must evaluate [his] statements *in relation to* the medical evidence and determine whether inconsistencies exist by comparing the two," Doc. 12 at 15, but the ALJ has done exactly this by comparing Plaintiff's subjective complaints to the medical documentation from

the emergency room visits and NP Frost. Accordingly, I find that the ALJ's treatment of Plaintiff's self-described limitations is supported by substantial evidence.

## VI. Conclusion

The ALJ supported her decision with substantial evidence, and Plaintiff's arguments to the contrary are unavailing. I therefore recommend that the Court DENY Plaintiff's Motion for Reversal and Remand for Further Proceedings (Doc. 11) with supporting memorandum (Doc. 12).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE